**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 22-6806**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JON LAWRENCE FRANK,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:17-cr-00114-LMB-MSN-1)

―――――――――

Submitted:  January 31, 2023                               Decided:  February 7, 2023

―――――――――

Before NIEMEYER and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Cadence A. Mertz, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Kevin Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2020, Jon Lawrence Frank appealed the district court's order granting in part the Government's application under the Mandatory Victims Restitution Act of 1996, Pub. L. No. 104-132, 110 Stat. 1227-41, to garnish Frank's retirement account. In a published opinion, we rejected Frank's claim that the Employee Retirement Income Security Act of 1974 (ERISA) and the Consumer Credit Protection Act of 1968 (CCPA) fully or partially limited the Government's ability to garnish his retirement funds. *United States v. Frank*, 8 F.4th 320, 322-23 (4th Cir. 2021). However, we remanded this case to the district court to consider one outstanding issue. *Id.* at 331-34.

On remand, the district court addressed the remaining issue and then entered a garnishment disposition order, which Frank appealed. But rather than challenging the court's decisions on remand, Frank reasserts his ERISA and CCPA claims, maintaining that his first appeal was wrongly decided. However, as Frank rightly concedes, this court's prior opinion is binding on this panel. *Tatum v. RJR Pension Inv. Comm.*, 855 F.3d 553, 560 n.5 (4th Cir. 2017) (explaining that, generally, a three-judge panel is bound by the law of the case and the law of the Circuit).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*